UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHELLYE DAVIS,                      :

    Plaintiff,                     :

v.                                  :      No. 3:06-cv-1596 (AHN)

HARTFORD PUBLIC SCHOOLS, et al.,    :

    Defendants.                    :

## RULING ON PENDING MOTIONS

This is an action brought by teacher's assistant Shellye Davis against Hartford Public Schools, the City of Hartford and Patricia Phelan, the McDonnough School principal. Filed on October 11, 2006, Davis's complaint contains claims of a hostile work environment, discrimination, retaliation, libel, negligent infliction of emotional distress and intentional infliction of emotional distress. Davis states that the court's jurisdiction is based on federal questions under 42 U.S.C. § 1983 and § 2000e.

Currently pending before the court are two motions: (1) Davis's motion to modify the scheduling order [doc. # 24] to extend the discovery deadline and each subsequent deadline by 90 days; and (2) the defendants' motion for sanctions [doc. # 25] pursuant to Rule 37 for Davis's failure to appear at a scheduled deposition.

## BACKGROUND

The defendants scheduled Davis's deposition on three different occasions. The first scheduled deposition date was

September 17, 2007.  Davis's counsel cancelled the deposition for that date at the last moment because he said he had a scheduling conflict.  The parties rescheduled Davis's deposition for the mutually agreed-upon date of October 5, 2007.  Davis's counsel once again cancelled the deposition shortly before it was to take place.  He told counsel for the defendants that Davis was hoping to have a medical appointment on that date.  The parties once again came up with a mutually agreeable date of October 15, 2007.  Approximately ten to fifteen minutes before the deposition was scheduled to begin, a paralegal or secretary from Davis's counsel's office called and stated that Davis would not be able to attend.  The person calling on behalf of Davis's counsel gave no reason for this latest cancellation.

Davis argues that she was unable to attend the depositions because of a back injury that prevents her from sitting for long periods of time.  She states that she has been excused from work on several occasions because of this injury and she plans to assert a worker's compensation claim.  Further, Davis states that her doctor advised her in early October that she will be unable to sit for prolonged periods of time for at least another month.  As a result of her injury, she has been unable to prepare for her deposition because this also would involve prolonged sitting.  Davis maintains that she cannot sit for more than half an hour without experiencing pain.  Prior to the hearing on this matter,

Davis failed to produce any medical evidence of a back injury. Indeed, on the day of her most recent cancelled deposition, Davis went to work.

As a result of Davis's last-minute failure to attend her deposition, the defendants incurred $149.60 in court reporter fees. The defendants seek reimbursement for this expense and seek an order from the court compelling Davis to produce the documents listed in the three deposition notices and to attend her deposition. In the alternative, the defendants seek the dismissal of Davis's complaint.

## STANDARD

Pursuant to Rule 37(d), if a party fails to attend her own deposition, "the court in which the action is pending on motion may make such orders in regard to the failure as are just," including "prohibiting [a] party from introducing designated matters into evidence" or "an order striking out pleadings or parts thereof" as authorized under subparagraphs (B) and (C) of subdivision (b)(2) of the rule. See Fed. R. Civ. P. 37(d). The imposition of sanctions under Rule 37(d) "is within the discretion of the district court." Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 765 (2d Cir. 1990); see Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989) ("We ... prefer to ... provide the teeth to enforce discovery orders by leaving it to the district court to determine which sanction from among the

available range is appropriate."). The district court is not limited to the sanctions listed in Rule 37. See Berube v. Great Atl. & Pac. Tea Co., Inc., No. 3:06cv197, 2006 WL 3826702, *4 (D. Conn. Nov. 30, 2006) (noting that Rule 37 lists "some" of the sanctions that the district court may impose for failure to comply with discovery requests). Permissible sanctions under Rule 37 include awarding costs assumed by one party and associated with the other party's failure to attend a deposition. See Armamburu v. Healthcare Fin. Servs., Inc., No. CV 2002-6535, 2007 WL 2020181, *4 (E.D.N.Y. July 06, 2007). As the Second Circuit has stated:

> Rule [37] provides a spectrum of sanctions. The mildest is an order to reimburse the opposing party for expenses caused by the failure to cooperate. More stringent are orders striking out portions of the pleadings, prohibiting the introduction of evidence on particular points and deeming disputed issues determined adversely to the position of the disobedient party. Harshest of all are orders of dismissal and default judgment.

Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979).

## DISCUSSION

The defendants seek to recoup their court reporter expenses for Davis's latest cancelled deposition, or in the alternative, that her complaint be dismissed. Davis provided no explanation for her failure to attend the October 15, 2007 deposition.

Though the defendants seek dismissal of Davis's complaint as

4

one possible sanction against her, "dismissal is a harsh remedy to be used only in extreme situations," Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972), and then only when a court finds 'willfulness, bad faith, or any fault' on the part of the prospective deponent." See Bobal, 916 F.2d at 765 (2d Cir. 1990). To dismiss a complaint in its entirety, the court must have warned the deponent previously of that possible outcome if she failed to appear for her deposition. See Sieck, 869 F.2d at 133. That is not the case here.

The defendants alternatively seek reimbursement for their court reporter expenses for the cancelled deposition. Courts may issue costs as sanctions under Rule 37(d), see Cine Forty-Second St. Theatre Corp., 602 F.2d at 1066; Armamburu, 2007 WL 2020181 at *4. Such an award is justified in this case, where Davis failed to provide an explanation for her failure to appear and notified the defendants of her intent not to appear less than 15 minutes before the deposition was scheduled to begin.

Finally, Davis seeks an extension of the discovery deadline to January 31, 2008, and 90-day extensions of all subsequent deadlines. This is puzzling because the parties' 26(f) report clearly states that the discovery deadline in this case is January 31, 2008, and the dispositive motions deadline is March 30, 2008. The parties agreed at the hearing that these deadlines were appropriate. Accordingly, Davis's motion is moot.

<u>CONCLUSION</u>

For the foregoing reasons, Davis's motion for extension of time [doc. # 24] is DENIED as moot.

The defendants' motion for sanctions [doc. # 25] is GRANTED in part and DENIED in part. Insofar as the defendants seek to have Davis's complaint dismissed, the motion is DENIED. Insofar as the defendants seek to have Davis reimburse them for $149.60 in court reporter fees for Davis's failure to appear at her deposition, the motion is GRANTED.

In addition, as the court stated in court at the hearing on this matter, Davis shall appear at the office of defendants' counsel on December 18, 2007, at 10:00 a.m. for her deposition. She shall produce all documents that the defendants have requested in their previously served notices of deposition at that time. In accordance with Davis's physician's instructions, defendants' counsel will allow Davis 15-20 minute breaks to stand up during the deposition.

SO ORDERED this 12th day of December 2007, at Bridgeport, Connecticut.

_____/s/_____
Alan H. Nevas
United States District Judge